USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/16/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IKB INTERNATIONAL S.A. IN
LIQUIDATION and IKB DEUTSCHE
INDUSTRIEBANK AG,

    Plaintiffs,

v.

WILMINGTON TRUST COMPANY *as
Trustee (and any predecessors or successors
thereto), et al.*,

    Defendants,

and

CWABS TRUST 2005-HYB9; *et al.*,

    Nominal Defendants.

No. 16-CV-4917 (RA)

MEMORANDUM OPINION
& ORDER

---

RONNIE ABRAMS, United States District Judge:

    The Court is in receipt of Plaintiffs' motion for reconsideration of the Court's decision granting Defendants' motion to transfer this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a). Because this case has already been transferred to the District of Delaware, this Court lacks jurisdiction, and Plaintiffs' motion is denied.

    "Following the proper transfer of a case from one district to another pursuant to § 1404(a), the transferor court loses all jurisdiction over the case." *In re Nw. Airlines Corp.*, No. 05-CV-17930, 2008 WL 4755377, at *3 (S.D.N.Y. Oct. 28, 2008) (collecting cases); *see generally* 15 C. Wright et al., Fed. Prac. & Proc. Juris. § 3846 (4th ed.) ("When a motion for transfer under 28 U.S.C.A. § 1404(a) is granted and the papers are lodged with the clerk of the transferee court, the transferor court and the appellate court for the circuit in which that court sits lose jurisdiction over

the case and may not proceed further with regard to it.").[1]

Local Rule 83.1 of the United States District Courts for the Southern and Eastern Districts of New York regarding "Transfer of Cases to Another District" provides: "In a case ordered transferred from this District, the Clerk, unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." Local Civil Rule 6.3 regarding "Motions for Reconsideration or Reargument" provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion," "*[u]nless otherwise provided by the Court or by statute or rule.*" (emphasis added).

This Court signed the order directing transfer of the case on September 14, 2017, and that order was entered the same day. Dkt. No. 35. On September 25, 2017, eleven days later, the case was electronically transmitted to the District of Delaware. A docket entry from that same day reads "Received e-mail from the United States District Court - District of Delaware acknowledging receipt of transferred case. Assigned Case Number: 1:17-cv-01351, filed on 09/25/2017." Plaintiffs filed their motion for reconsideration on September 27, 2017. Since the transfer was effectuated after the required seven day period, it was processed in accordance with the Local Rules of this District.

Because Plaintiffs filed their motion after the transferee court received the file, and because that was not the result of this Court acting in violation of its own rule in transferring the case's papers prematurely, *see In re Warrick*, 70 F.3d 736, 739 (2d Cir. 1995), this Court does not have

---

[1] Plaintiffs' motion argues only that they disagree with the Court's application of the evidentiary standard, contending that when the Court held that it was a "close question" as to whether the clear and convincing standard was met, it did not apply that standard at all. They do not argue that this Court lacked the power to transfer the case. *Cf. Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969) (holding where "the question . . . is whether the district court had power to order the transfer . . . we reject the argument . . . that the clerk's physical transfer of the file destroyed our jurisdiction").

jurisdiction to reconsider its decision. *See Emblaze Ltd. v. Apple Inc.*, No. 10-CV-5713, 2011 WL 2419802, at *2 (S.D.N.Y. June 3, 2011).[2]

The Clerk of the Court is respectfully requested to close the motion pending at docket number 38.

SO ORDERED.

Dated: October 16, 2017
New York, New York

_____
Ronnie Abrams
United States District Judge

---

[2] Defendants' request for costs, Defs' Opp. 2, n.1, is denied. An award under § 1927 is only "proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015) (internal quotation marks omitted).